PROVOSTY, J.
The night train on the defendant company’s road ran into an open switch and was wrecked, with the result that the engineer operating the locomotive was killed; and this suit is brought by his'widow and his child in damages for his death.
Some malefactor had opened the switch and left it open. He had tried to open the lock, using for that purpose a piece of wood and also some harder substance, as was evident from shreds of wood sticking in the lock and from scratches upon it, but had failed. He succeeded in opening the switch by removing one of the bolts.
The allegation of negligence in the petition reads as follows:
“That it was negligence to construct said switch at the place at which it was situated, and negligence to permit the switch to be left with the target signaling all safe for the main line. Further avers that it was negligence not to have a light at said switch, and to have same inspected before the passage of each train. Avers that it was a dark night, in a dark woods, and that the coal-oil burner used on said engine was insufficient to enable the engineer to detect or observe that said switch was open. Further avers that it was gross negligence to leave the target and signal so as to indicate that the switch was closed, and that it was all right for the main line, while the switch was open, and thus set a trap for the faithful engineer.
“Avers that said spur track w£}S negligently and improperly constructed, and the same was *760 unsafe, dangerous, insecure, badly and lossely constructed of poor materials, roughly placed over uneven surface and mudholes, and with such sudden and irregular curves that made it impossible for McDoniel to hold the moving engine on said spur track.
“Avers that, if said spur track had been properly, safely, and legally constructed, the engine and train would have entered and been stopped upon said spur without injury or loss. Avers that it was gross and reckless negligence to have such a spur track connected in any manner with the main line of said railroad.”
It was not because the switch was at the particular place where it was, nor because the spur track, or log road, which it connected with the main track, was in a bad condition, that the catastrophe occurred, but simply because the switch was open. Had it been closed, all would have been well. It was just an ordinary switch, such as are common on all railroads. The main track along there was used with perfect safety both before and after the accident.
We do not find the defendant company responsible for the switch having been open. Those who had used it last had left it properly closed and locked. The defendant company is not responsible for the act of the train wrecker. Na suggestion is made that it had had premonition of any kind such as would have made it incumbent upon it, in the exercise of due care, to guard against the act of this malefactor. In ordinary times a railroad company is under no obligation to have its tracks constantly guarded or hourly inspected as a precaution against train wreckers.
Of course, leaving the switch open, with the target signaling that it was closed, was negligence, and very much worse than negligence; but the defendant company was not responsible for this having been done.
So far as there not having been a light at the switch is concerned, we do not know that railroads are under the necessity of keeping a light at every switch; but, if they are, a light at this switch would have served ño good purpose — on the contrary, would, if anything, have made things worse. Such switch lights are not designed to throw light upon the track, and, as a matter of fact, do not do so, but simply to serve as signals to indicate whether the switch is open or closed. A light at this switch, therefore, could have served but to confirm the unfortunate engineer in his belief of the switch being closed.
So far as concerns the using of coal oil for the headlight of the locomotive, instead of acetylene gas or electricity, the evidence shows that many first-class roads are doing the same thing, and are even returning to coal oil after having discarded it in favor of these other more modern and brilliant substitutes.
The proximate and, legally speaking, sole cause of this wreck was the act of the train wrecker. These other circumstances or conditions mentioned by plaintiff as constituting negligence are mere incidents, not entering at all into the juridical cause.
Judgment set aside, and suit dismissed. Plaintiff to pay all costs.